UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SHU WANG, an Individual, and<br>WANG'S PARTNER, INC. d/b/a<br>HIBACHI GRILL AND SUPREME BUFFET,<br><br>Defendants. | FILE NO.<br>1:13-cv-04162-TWT<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants Wang's Partner, Inc. d/b/a/ Hibachi Grill and Supreme Buffet ("Hibachi Grill") and Shu Wang (hereinafter "Wang"), an individual, enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "the Act"); and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.  At all times relevant to this Complaint, Defendant Hibachi Grill has been a corporation having a place of business and doing business as a restaurant in Clayton County, Georgia. Hibachi Grill is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

B.  At all times relevant to this Complaint, Defendant Wang, doing business in Clayton County, Georgia, acted directly or indirectly in the interest of Hibachi Grill in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A.  Defendants, while engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.  Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials, that have been moved in or produced for commerce, by, for example, handling credit card transactions and/or preparing foods with ingredients such as sugar and bottled soy sauce that are produced and packaged outside of the state of Georgia; and Hibachi Grill having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since October 1, 2010, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V

Since October 1, 2010, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since October 1, 2010, Defendants, who are employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating

the provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof, and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date that the back wages became due until paid, and costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5435
(404) 302-5438 (FAX)

E-mail: Walter.robert@dol.gov
        Moukalif.monica@dol.gov
        atl.fedcourt@dol.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

MONICA R. MOUKALIF
Trial Attorney

By: *[signature]*
ROBERT L. WALTER
Counsel

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.

SOL Case No. 13-00971