IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : Civil Action Number: : |
| Plaintiff, | : 1:13-cv-04162-TWT : |
| vs. | : : |
| SHU WANG, an Individual, and WANG'S PARTNER, INC. d/b/a HIBACHI GRILL AND SUPREME BUFFET, | : : : : |
| Defendants. | |

## ORDER ON DEFAULT JUDGMENT

Upon Plaintiff's motion for judgment by default and considering the Defendants' failures and refusals to defend this action; the affidavit filed by Plaintiff in support of said motion; and the Court being otherwise fully advised, enters its findings of fact and conclusions of law, as follows:

FINDINGS OF FACT & CONCLUSIONS OF LAW

1.      Defendant Wang's Partner, Inc. d/b/a Hibachi Grill and Supreme Buffet ("Defendant Hibachi") is an enterprise as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA" or "the Act").

2. Defendant Shu Wang is 100% owner of Defendant Hibachi and is an employer as defined by the Act.

3. Hibachi Grill is a full service restaurant that offers buffet foods, hibachi foods, and made-to-order Chinese food.

4. The restaurant's servers earn no wages; they work for tips only and are only permitted to keep up to $600 per week, the remainder goes to the restaurant.

5. All full time servers work on average 70 hours per week and are not compensated time and a half for hours worked over 40 in a work week.

6. The cooks and kitchen staff were paid monthly salaries but worked approximately 70 hours per week and were not paid overtime wages for hours worked over 40 in a work week.

7. The Defendants failed to accurately record any of the required employment information under the Act.

8. Defendants violated the minimum wage, overtime and recordkeeping requirements of the Act.

9. The total back wages owed for the investigation period, October 1, 2010 through June 2, 2013 is $998,863.19.

10. The Defendants are liable for $998,863.19 in liquidated damages under the Act.

It appearing that, for cause shown, Plaintiff is entitled to judgment as a matter of law, and this Court having entered its Findings of Fact, Conclusions of Law, Plaintiff's Motion for Default Judgment is hereby GRANTED.

In accordance therewith, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the Act, in any of the following manners:

They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a

workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

They shall not, contrary to §§ 11(c) and 15(a)(2) of the Act, 29 U.S.C. § 211(c) and 215(a)(2), fail to make, keep, and preserve such records of the persons employed by them and of the wages, hours, and other conditions and practices of employment maintained by them or fail to preserve such records in accordance with the Act and 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants are restrained from withholding payment of back wages in the total amount of $998,863.19 plus liquidated damages in the amount of $998,863.19, for a total of $1,997,726.38 due to employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto.  The private rights, under the Act, of any employee of Defendant not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants, shall, within thirty (30) days from entry of this Judgment, deliver to Plaintiff's attorneys a certified or cashier's check or money order payable to "Wage and Hour Division—Labor" in the total amount of total of $1,997,726.38.  In the event of

default by Defendants in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961.

Plaintiff, thereupon, shall distribute back wages less deductions for federal income taxes and employee contributions to F. I. C. A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

IT IS FURTHER ORDERED that court costs of this action hereby are taxed to the Defendants for which execution may issue. Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This _____ day of _____.

_____
CHIEF JUDGE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT COURT